```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X
                                :
UNITED STATES OF AMERICA        :    SEALED
                                :    SUPERSEDING
        - v. -                  :    INDICTMENT
                                :
ENVERT FRANCISCO-OVALLE,        :    S1 18 Cr. 526
    a/k/a "Gringo,"             :
HECTOR CABA BATISTA,            :
    a/k/a "Moreno,"             :
LUIS CABA BATISTA,              :
DORFI MONTESINO,                :
    a/k/a "Dee,"                :
    a/k/a "DT,"                 :
RICHARD MARTINEZ, and           :
VIELKA VARGAS,                  :
                                :
        Defendants.             :
                                :
- - - - - - - - - - - - - - - X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

## COUNT ONE

The Grand Jury charges:

1. From at least in or about 2015, up to and including the present, in the Southern District of New York and elsewhere, ENVERT FRANCISCO-OVALLE, a/k/a "Gringo," HECTOR CABA BATISTA, a/k/a "Moreno," LUIS CABA BATISTA, DORFI MONTESINO, a/k/a "Dee," a/k/a "DT," RICHARD MARTINEZ, and VIELKA VARGAS, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that ENVERT FRANCISCO-OVALLE, a/k/a "Gringo," HECTOR CABA BATISTA,

a/k/a "Moreno," LUIS CABA BATISTA, DORFI MONTESINO, a/k/a "Dee," a/k/a "DT," RICHARD MARTINEZ, and VIELKA VARGAS, the defendants, and others known and unknown, would and did distribute, and possess with intent to distribute, controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substances that ENVERT FRANCISCO-OVALLE, a/k/a "Gringo," HECTOR CABA BATISTA, a/k/a "Moreno," LUIS CABA BATISTA, DORFI MONTESINO, a/k/a "Dee," a/k/a "DT," RICHARD MARTINEZ, and VIELKA VARGAS, the defendants, conspired to distribute and possess with intent to distribute were one kilogram and more of mixtures and substances containing a detectable amount of heroin, and five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

### COUNT TWO

The Grand Jury further charges:

4. From at least in or about 2015 up to and including the present, in the Southern District of New York and elsewhere, ENVERT FRANCISCO-OVALLE, a/k/a "Gringo," LUIS CABA BATISTA, and VIELKA VARGAS, the defendants, and other known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18,

2

United States Code, Sections 1956(a)(2)(A) and 1956(a)(2)(B)(i).

  5. It was a part and an object of the conspiracy that ENVERT FRANCISCO-OVALLE, a/k/a "Gringo," LUIS CABA BATISTA, and VIELKA VARGAS, the defendants, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, narcotics distribution in violation of Title 21, United States Code, Section 841, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

  6. It was a further part and an object of the conspiracy that ENVERT FRANCISCO-OVALLE, a/k/a "Gringo," LUIS CABA BATISTA, and VIELKA VARGAS, the defendants, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation,

transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, narcotics distribution in violation of Title 21, United States Code, Section 841, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Sections 1956(h).)

## FORFEITURE ALLEGATION

7. As a result of committing the offense alleged in Count One of this Indictment, ENVERT FRANCISCO-OVALLE, a/k/a "Gringo," HECTOR CABA BATISTA, a/k/a "Moreno," LUIS CABA BATISTA, DORFI MONTESINO, a/k/a "Dee," a/k/a "DT," RICHARD MARTINEZ, and VIELKA VARGAS, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

8. As a result of committing the offense alleged in Count

4

Two of this Indictment, ENVERT FRANCISCO-OVALLE, a/k/a "Gringo," LUIS CABA BATISTA, and VIELKA VARGAS, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

## Substitute Asset Provision

9.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable property.

                (Title 18, United States Code, Section 982;
           Title 21, United States Code, Section 853; and
            Title 28, United States Code, Section 2461.)

_____       _____
FOREPERSON                                GEOFFREY S. BERMAN

July 24, 2018                         United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ENVERT FRANCISCO-OVALLE, a/k/a "Gringo," HECTOR CABA BATISTA, a/k/a "Moreno," LUIS CABA BATISTA, DORFI MONTESINO, a/k/a "Dee," a/k/a "DT," RICHARD MARTINEZ, and VIELKA VARGAS,

Defendants.

---

SUPERSEDING INDICTMENT

S1 18 Cr.

(18 U.S.C. § 1956(h), 21 U.S.C. § 846.)

GEOFFREY S. BERMAN
United States Attorney

*[signature]*
FOREPERSON

7/24/18   Filed Indictmt - Warrant Issued
Cot J, USMJ